IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| A-J MARINE, INC. | * | CIVIL ACTION NO. _____ |
| 11101 CEDAR LANE | | |
| KINGSVILLE, MARYLAND 21087 | * | |
| | | |
| Plaintiff | * | AMENDED NOTICE OF |
| | | REMOVAL FROM THE SUPERIOR |
| v. | * | COURT FOR THE DISTRICT OF |
| | | COLUMBIA |
| CORFU CONTRACTORS, INC. | * | CASE NO. 5614-07 |
| 2720 BOWLING GREEN DRIVE | | |
| VIENNA, VIRGINIA 22180 | * | |
| SERVE ON: CHRISTOS KOLLAS | | |
| 2405 OAKMONT COURT | * | |
| OAKTON, VIRGINIA 22124-1000 | | |
| | * | |
| and | | |
| | * | |
| OHIO CASUALTY INSURANCE | | |
| COMPANY | * | |
| 136 NORTH THIRD STREET | | |
| HAMILTON, OHIO 45025 | * | |
| SERVE ON: CORPORATION SERVICE | | |
| COMPANY | * | |
| 1090 VERMONT AVENUE, N.W. | | |
| WASHINGTON, D.C. 20005 | * | |
| | | |
| Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## AMENDED NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant The Ohio Casualty

Insurance Company ("Ohio Casualty") notices the removal of the above-captioned civil

action to this Honorable Court from the Superior Court for the District of Columbia.

For grounds, Ohio Casualty states as follows:

1.    A-J Marine, Inc. ("A-J Marine") commenced this action on or about August 14, 2007 in the Superior Court for the District of Columbia by filing a complaint (the "Complaint") in the case captioned as *A-J Marine, Inc. v. Corfu Contractors, Inc., et al.,* Case No. 5614-07.  Corfu Contractors, Inc. ("Corfu") and Ohio Casualty are the only named defendants.

2.    On or about August 24, 2007, Ohio Casualty was served with an original summons, a copy of the Complaint, and a copy of an Initial Order and Addendum. True and correct copies of the summons, Complaint and Initial Order and Addendum are attached hereto as **Exhibit A**.

3.    Upon information and belief, A-J Marine served Corfu on or about September 7, 2007.

4.    Upon information and belief, no further proceedings have taken place in the Superior Court.

5.    This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is being filed within 30 days of Ohio Casualty's receipt through service of the Complaint setting forth the claim for relief upon which its action or proceeding is based.

6.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

7.    Per the Complaint, A-J Marine seeks judgment against Ohio Casualty in the amount of $258,380.50 plus costs and attorneys' fees.

8.     At the time of commencement of this action and at all other times relevant to the subject proceeding, A-J Marine was and is a Maryland corporation with its principal place of business in the State of Maryland.

9.     At the time of commencement of this action and at all other times relevant to the subject proceeding, Ohio Casualty was and is an Ohio corporation with its principal place of business in the State of Ohio.

10.     At the time of commencement of this action and at all other times relevant to the subject proceeding, Corfu was and is a Virginia corporation with its principal place of business in the Commonwealth of Virginia.

11.     Although Corfu has not yet entered its appearance in the Superior Court action because the time for it to file a responsive pleading has not yet expired, counsel for Ohio Casualty has consulted with counsel for Corfu and has been advised by Corfu's counsel that Corfu consents to the removal of the action to this Court.

12.     Pursuant to 28 U.S.C. §1446(d), a copy of Ohio Casualty's Notice to the Superior Court of its Notice of Removal is attached hereto and incorporated hereto by reference as **Exhibit B**.  Counsel for A-J Marine and Corfu are being provided with written notice of this removal by receipt of copies of the filings being made by Ohio Casualty in this Court and the Superior Court.

13.     Simultaneously herewith, Ohio Casualty is filing its Answer to the Complaint.

14.     By filing this Notice of Removal, Ohio Casualty does not waive any defenses that may be available to it.

3

15.    Ohio Casualty presents and files herewith a check in the amount of $350 for the filing fee, as required by law.

WHEREFORE, defendant The Ohio Casualty Insurance Company respectfully requests that the above-entitled action be removed from the Superior Court for the District of Columbia to the United States District Court for the District of Columbia.

*Cynthia E. Rodgers-Waire*

Cynthia E. Rodgers-Waire
Bar No. 444095
crodgers-waire@wtplaw.com
Nichole M. Velasquez, Esquire
Bar No. 495315
nvelasquez@wtplaw.com
Whiteford, Taylor & Preston, LLP
7 St. Paul Street
Baltimore, Maryland  21202

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 14th day of September, 2007, copies of the foregoing Amended Notice of Removal were sent electronically and/or mailed, first class, postage prepaid, to:

> Christopher L. Grant, Esquire
> 1250 Connecticut Avenue, N.W., Suite 200
> Washington, D.C.  20036
> lawgrant@mindspring.com
>
> Stephen J. Annino, Esquire
> Kasimer & Annino, P.C.
> 7653 Leesburg Pike
> Falls Church, Virginia  22043-2520
> sannino@kasannlaw.com

*Cynthia E. Rodgers-Waire*

Cynthia E. Rodgers-Waire

1753641

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
Civil Division

A-J MARINE, INC.,

   Plaintiff

v.

CORFU CONTRACTORS, INC.,

Serve: Mr. Christos Kollas
     2405 Oakmont Court
     Oakton, VA 22124-1000

THE OHIO CASUALTY
INSURANCE COMPANY,

Serve: Corporation Service Company
     1090 Vermont Ave., NW, Suite 430
     Washington, D.C. 20005

   Defendants.

Civil Action No.   0005614-07

RECEIVED
Civil Clerk's Office
AUG 1 4 2007
Superior Court of the
District of Columbia
Washington, D.C.

## COMPLAINT

    COMES NOW plaintiff A-J Marine, Inc. and submits its claim for breach of

contract against defendant Corfu Contractors, Inc. and its claim against The Ohio

Casualty Insurance Company for payment upon a surety bond.

    1. Plaintiff A-J Marine, Inc. is a corporation organized under the laws of the state

of Maryland with its principal office located at 11101 Cedar Lane, Kingsville, Maryland

21087. A-J Marine, Inc. is qualified to do business in the District of Columbia.

    2. Defendant Corfu Contractors, Inc. is a corporation organized under the laws of

the state of Virginia with its principal office located at 2405 Oakmont Court, Oakton,

Virginia 22124-1000. Corfu Contractors, Inc. is not qualified to do business in the



District of Columbia. Corfu Contractors, Inc. may be served with process by service upon its principal, Mr. Christos Kollas, 2405 Oakmont Court, Oakton, VA 22124-1000.

3. Defendant The Ohio Casualty Insurance Company is an insurance company organized under the laws of the state of Ohio with offices located at 136 North Third Street, Hamilton, Ohio 45025. This defendant may served with process by service upon its registered agent for service of process, Corporation Service Company, 1090 Vermont Avenue, NW, Suite 430, Washington, D.C. 20005.

4. The Court's jurisdiction is founded upon D.C. Code §11-921. The Court's personal jurisdiction of each of the defendants is founded upon D.C. Code §13-423(a)(1), the defendants each having transacted the business which is the subject of this action in the District of Columbia.

### Count One: Breach of Contract

5. The foregoing paragraphs 1 through 4 are incorporated as a part of this Count One as if fully set forth herein.

6. A-J Marine, Inc. entered into a written subcontract (hereinafter, "the Subcontract") with Corfu Contractors, Inc. on or about October 24, 2006. The Subcontract provided for the performance of certain work by A-J Marine, Inc. on a project of the Washington Metropolitan Area Service Authority, Contract No. FN3031, "Scour Countermeasure Installation for Potomac River Metrorail Bridge, Piers District of Columbia." A copy of the Subcontract is attached hereto as Exhibit A.

7. The Subcontract provided inter alia that A-J Marine, Inc. would provide a minimum of a three-man crew to work 40 hours per week to perform mechanical dredging and placement of stone. The Subcontract provided that Corfu Contractors, Inc.

"will supply all materials, dredge barges, rock barges, long reach excavator, moorings, #6 sectional barges, spuds, spud wells, fuel tanks, fuel, personnel boat" and other facilities.

8. The Subcontract provided that A-J Marine, Inc. would receive monthly compensation of $85,371.00, plus a mobilization fee of $5,000.00 and a demobilization fee of $5,000.00.

9. The Subcontract provided that A-J Marine, Inc. would mobilize the week of October 23, 2006 and complete its work in accordance with "Contract Schedules," which provided for contract completion on or before July 17, 2007. "No work is allowed between March 1 and June 30."

10. Upon signature of the Subcontract on October 24, 2007, A-J Marine, Inc. immediately mobilized, having been informed that Corfu Contractors, Inc.'s material barges would arrive at the jobsite during the first week of November. Corfu Contractors failed to deliver its dredge material barges and stone material barges loaded with stone. A-J Marine's personnel, material and equipment waited for Corfu Contractors to deliver its barges until early December. On December 13, A-J Marine moved its equipment to a safer location, protected from the winter weather, and continued to wait for Corfu Contractors to deliver its barges. Thereafter Corfu Contractors wrongfully abandoned the Subcontract.

11. During the course of its performance of the Subcontract, A-J Marine, Inc. earned the sum of $253,380.50 in accordance with the Subcontract's provisions for payment. Corfu Contractors has wrongfully failed and refused to pay that sum or any sum to A-J Marine, Inc. The sum due A-J Marine, Inc. is calculated as shown on the ten invoices which are attached hereto as Exhibit B.

12. In accordance with the Subcontract, A-J Marine provided a turbidity curtain 4 feet to 6 feet in depth at no charge, "however, Corfu has ordered heavier duty and deeper curtain which will be forfeited to A-J Marine, Inc. at the completion of the project." The Contract Completion Date of July 17, 2007 has passed, yet Corfu has not forfeited the heavier duty and deeper turbidity curtain to A-J Marine. The value of the curtain is approximately $5000.00.

Wherefore, plaintiff A-J Marine, Inc. prays that the Court enter judgment in its favor and against Corfu Contractors, Inc. in the amount of $258,380.50, plus all costs of this action and a reasonable fee for its attorney.

### Count Two: Breach of Payment Bond

13. The foregoing paragraphs 1 through 12 are incorporated as a part of this Count Two as if fully set forth herein.

14. As part of its obligation under its prime contract with the owner of the project, the Washington Metropolitan Area Service Authority, Corfu Contractors furnished a surety bond (hereinafter, "the Payment Bond") for the protection of its subcontractors. A copy of the bond is attached hereto as Exhibit C. The Payment Bond was issued by defendant The Ohio Casualty Insurance Company (hereinafter, "the Surety"). Section 3.c of the bond requires that action be filed in the courts of the District of Columbia.

15. A-J Marine, Inc. through an attorney at law made a written claim against the Payment Bond in or about January 2007. A-J Marine, Inc. reiterated its claim against the Payment Bond through an attorney on April 30, 2007. A-J Marine, Inc. has satisfied all

conditions precedent to this action. The Surety has failed and refused to pay the sum due under the Payment Bond.

16. The Surety's failure to pay the claim against the Payment Bond is a breach of the obligations of the bond.

Wherefore, plaintiff A-J Marine, Inc. prays that the Court enter judgment in its favor and against The Ohio Casualty Insurance Company in the amount of $258,380.50, plus all costs of this action and a reasonable fee for its attorney.

Christopher L. Grant
Christopher L. Grant
Attorney at Law
D.C. Bar No. 396132
1250 Connecticut Ave., NW.
Suite 200
Washington, D.C. 20036
(202) 261-3515
lawgrant@mindspring.com

THIS AGREEMENT, made this ___24th___ day of ___OCTOBER___ A.D. _2006_ by and between _____ __CORFU CONTRACTORS, INC.__ hereinafter called the Contractor, and ___A-J MARINE, INC.___ hereinafter called the Subcontractor.

For the consideration hereinafter named, the Subcontractor agrees with the Contractor, as follows:

**ARTICLE 1 WORK:** __Dredging and Placement of Stone__

·At: __Potomac River Metro Rail Bridge Piers__
ADDRESS

For: __Washington Metropolitan Area Service Authority, 600 Fifth Street, NW., Washington, DC 20001__
OWNER OR OWNERS
according to the general conditions of the contract, as per the drawings and specifications, and amendments and/or changes to either (details thereof to be supplied as needed) prepared and identified by __Washington Metropolitan Area Service Authority, Contract__ __No. FN3031, Scour Countermeasure Installation for Potomac River Metrorail Bridge, Piers District of Columbia__ Owner/Architect, and to the full satisfaction of said Owner/Architect.

**ARTICLE 2. TIME:** The Subcontractor agrees to promptly begin work as soon as notified by the Contractor, and to complete the work as follows: __Mobilize the week of October 23, 2006 and complete work in Accordance with Contract Schedules.__ __Contract Completion Date is July 17, 2007. No work is allowed between March 1 and June 30.__

**ARTICLE 3. EXTRAS:** No deviations from the work specified in the contract will be permitted or paid for unless a written extra work or change order is first agreed upon and signed as required.

**ARTICLE 4. ASSIGNMENT:** No assignment of this subcontract agreement is permitted without prior written permission from the Contractor.

**ARTICLE 5. INSURANCE:** The Subcontractor agrees to obtain and pay for the following insurance coverages: Workmen's Compensation, Public Liability, Property Damage, and any other insurance coverage which may be necessary as required by the Owner, Contractor, or State Law, Per Contract Specifications and County Requirements.

**ARTICLE 6. TAXES:** The Subcontractor agrees to pay any and all Federal, State, or Local Taxes which are, or may be, assessed upon the material and labor which he furnishes under the contract.

IN CONSIDERATION WHEREOF, the Contractor agrees that he will pay the Subcontractor, in ~~Progress~~ _Monthly_ payments, the sum of __Per Attached Schedule of Billing Rates__ Dollars ($ _____ ) for materials and work, said amount to be paid as follows: ~~Ninety~~ per cent (~~100~~ %) of all labor and ~~material which has been fixed in place~~ by the Subcontractor, to be paid ~~on or about the~~ _Monthly_ ~~of the following month, except the final payment,~~ which the Contractor shall pay to the Subcontractor within ~~45~~ days after the Subcontractor shall have completed his work to the full satisfaction of the Architect of Owner.

The Contractor and the Subcontractor for themselves, their successors, executors, administrators and assigns, hereby agree to the full performance of the covenants herein contained.

IN WITNESS WHEREOF, they have executed this agreement the day and year first above written.

WITNESS

WITNESS

A-J MARINE, INC.
SUBCONTRACTOR

_PM License #_
STATE LICENSE NO.:

CORFU CONTRACTORS, INC.
CONTRACTOR

BY:

10/24/06

Page 1 of 35

Tops Form No. 3451—Revised
Litho in U.S.A.

Exhibit A

# SUBCONTRACT AGREEMENT

**Contractor:**
Corfu Contractors, Inc.
2405 Oakmont Court
Oakton, Virginia 22124-1000
CorfuContractors@aol.com
703-330-0617
703-743-2175 fax

**Subcontractor:**
A-J Marine, Inc.
11101 Cedar Lane
Kingsville, MD 21087
AJMarine@erols.com
410-592-8157
410-592-8158 fax

**Work to Include:**

Minimum Three (3) Man Crew On-site Working at All Times

Dredging as Specified and Shown on Drawings, Including Slope to Existing Grade (Testing and Disposal of Dredge Spoil to be Performed by Others). Owner estimates maximum of 9,158 CY per drawings. As specified, dredging of non-hazardous material is in the contract. If material is hazardous, A-J Marine will submit a proposal for the change.

Dredging will not exceed owner's maximum estimate of:
1,568 Cubic Yards at Pier #13
3,996 Cubic Yards at Pier #14
1,930 Cubic Yards at Pier #15
1,664 Cubic Yards at Pier #16

Installation of Geotextile Fabric
Installation of Filter Blanket (AASHTO #1 and #8)
Installation of Riprap (VDOT Class I or VDOT Class II)
Installation of Used Turbidity Curtain Around Your Work Area (Corfu Will Maintain).

Transportation and Anchoring of Dredge Spoil Storage Vessel to Gravelly Point, or to an Alternate Location Near the Job Site, in Preparation for Transport to the Disposal Site by Others.

**Equipment and Material Provided by General Contractor:**

Geotextile Fabric
330 Tons AASHTO #1(234 CY Maximum Shown on Drawings, at 105 pounds per CF)*
500 Tons AASHTO #1 Modified for Piers #14 and #15 (354 CY Maximum Shown on Drawings, at 105 pounds per CF)*
850 Tons AASHTO #8 (588 CY Maximum Shown on Drawings, at 105 pounds per CF)*
2,700 Tons VDOT I Riprap (1,850 CY Maximum Shown on Drawings, at 107 pounds per CF)*
6,000 Tons VDOT II Riprap (4,040 CY Maximum Shown on Drawings, at 107 pounds per CF)*

*Manufacturers calculated tonnage
Material Will Be Supplied from Barges Located at Gravelly Point.

One (1) Each Cat 322 Model #L.R. Long Reach Excavator
One (1) Each Six (6) Sectional Barge with (2) Spuds and (2) Spudwells
South Capital Street Location for Storage of Boats
One (1) Boat Slip at Columbia Island Is Expected to Be Provided by the Owner. If the Slip Is Provided, A-J Marine Will Have Use of the Slip.
Utility Mark-Out and Notification will be Performed by General Contractor (All clear at Piers, Ticket #6422405. All utilities are aerial and on bridge only.)

Page 2 of 5

All work must be in compliance with Contract Documents for Washington Metropolitan Area Transit Authority, Contract No. FN3031, Scour Countermeasure Installation for Potomac River Metrorail Bridge, Piers District of Columbia:

Section 2, Appendix D - Wage Rates, Page 227 to Page 245

Section 3, Technical Provisions
204 Grading Excavating and Backfilling, Page 263 to Page 273
226 River Water and Sediment, Page 297 AM 01 to Page 301

Insurance certificate in compliance with WMATA Contract requirements at Page 172 to Page 174.

Contract Drawings:

Contract No. FN3031, Drawing No. GN-01 R1
Contract No. FN3031, Drawing No. PR-1
Contract No. FN3031, Drawing No. PR-2
Contract No. FN3031, Drawing No. PR-3
Contract No. FN3031, Drawing No. PR-4
Contract No. FN3031, Drawing No. PR-5

Reference Drawings:

Collins Engineers, Inc., Underwater Bridge Inspection WMATA Figures 1-6
As-Built Drawings, L'Enfant - Pentagon River Crossing

Page 3 of 5     PcU 10-24-06
JDN. 10-24-06

## A-J MARINE, INC.

MARINE CONSTRUCTION & UNDERWATER SERVICES

11101 Cedar Lane • Kingsville, MD 21087
Kingsville, Maryland 21087
Tel•(410) 592-8157 • Fax (410) 592-8158

*The following addendum is made part of this agreement between the general contractor (Corfu Contractors, Inc.) and the subcontractor (A-J Marine, Inc.). Addendum to contract No. FN3031, Scour Counter Measures Installation for the Potomac River Metrorail Bridge Piers District of Columbia*

*Price does not include towing to and from Galesville.
*Price does not include fuel for equipment.
* Price includes one mobilization and demobilization.
*Permits are the responsibility of others
*Turbidity curtain 4' to 6' in depth will be furnished at no charge as agreed however, Corfu has ordered heavier duty and deeper curtain which will be forfeited to A-J Marine, Inc. at the completion of the project.
* Installation, maintenance and removal of the curtain is the responsibility of others.
* A-J Marine, Inc. is to provide mechanical dredging and Placement of stone. A-J Marine will supply the labor and equipment listed below at the rates quoted. Excavation is for non -hazardous material only.
* Rock excavation and obstructions are not included.
* Corfu will supply all materials, dredge barges, rock barges, long reach excavator, moorings, sectional barges, spuds, spud wells, fuel tanks, fuel, personnel boat, one boat slip or fees for one boat slip for A-J Marine's vessel @ Columbia Island Marina.
* Any additional insurance requirements above what is in place will be passed thru to the general contractor.
*All excavation will be done mechanically by clamshell or excavator. If open excavation needs to be maintained this will be at additional expense. We are providing excavation and rock placement services with personnel and equipment.
* Installation of the fabric is to be done by the general contractor. We will assist with equipment if necessary.
*Inspection of any kind is not included.
* Disposal of the dredge spoil is to be done by others.
* Moving of the material barges is to be done by others.
*Corfu Contractors, Inc. has verified the working heights under the bridges to be a minimum of 28' around the piers and 22' at the railroad bridge.
*The location, protection, marking, shoring or repairs of utilities are the sole responsibility of the General Contractor
* Subcontractor will make every effort to complete the project by the completion date however subcontractor is allowed as many days as the general contractor is allowed in the contract starting from date of mobilization. Weather may increase this time due to the winter months.*

UCG CLAIMS                    Fax:9197892560          Aug 25          8:46    P.16

**Equipment Monthly rates based on 40 hr. work week

| | |
|---|---|
| 7 -sectionals @ $800.00 = | $5,600.00 |
| 2-Spuds and spud wells | $450.00 |
| 1-Link belt crawler 75 ton | $11,500.00 |
| 1 ½ yd. Clam bucket | $2,600.00 |
| ¾ yd rock grapple | $1,250.00 |

| | |
|---|---|
| 5 -sectionals @800.00= | $4,000.00 |
| 2-Spuds and spudwells | $450.00 |
| 1-Caterpillar excavator with hydraulic thumb | $6,500.00 |
| 20-Timber mats | $2,400.00 |
| 1-Pushboat | $4,800.00 |
| 1-anchor | $1,200.00 |
| 2-trucks @ $1,100.00ea. | $2,200.00 |
| 1- skid steer loader          if needed | $1,800.00 |
| 1-rock box          if needed | $1,200.00 |

| | |
|---|---|
| | $45,450.00 |
| Sub Total | $2,272.50 |
| Tax    at 5% | |

**Labor for 8 hr. day

| | |
|---|---|
| Crane operator 8hrs. @ $30.36 (45.54) x22 days | $8,015.00 |
| Excavator operator 8hrs. @ $29.90 (44.85) x22 days | $7,894.00 |
| Supervisor    8hrs. @ $35.00 ($50.00) x 22days | $9,240.00 |
| Laborer    8hrs.@ $21.64 ($32.46) x22 days | $5,712.96 |
| (Does not include any O.T. or weekend work) | |

| | |
|---|---|
| Company mo. Overhead | $12,500.00 |
| Total monthly | $85,371.00 |

| | |
|---|---|
| Mobilization | $5,000.00 |
| Demobilization | $5,000.00 |

The terms  above are accepted and made part of the contract as of October 16, 2006 and signed by both parties below. Both parties affirm that they are authorized to execute this agreement to be legally binding on behalf of the parties named above.

General Contractors signature _____ Date 10/24/06

Subcontractors Signature _____ Date 10/24/06

Puk 10-24-06
JDN 10-24-06

5cf5

UCG CLAIMS                    :ax:9197892560          Aug 29    8:46   P. 17

Puk 10
515    JDN 10-24-86

# A-J MARINE, INC.

**A-J**

MARINE CONSTRUCTION & UNDERWATER SERVICES

11101 Cedar Lane • Kingsville, MD 21087
Kingsville, Maryland 21087
Tel: (410) 592-8157 • Fax (410) 592-8158

November 7, 2006

Corfu Contractors, Inc.
2405 Oakmont Court
Oakton, VA 22124-1000

INVOICE # 102406-1                    Due Date 11/23/06
October 24, 2006 - November 23, 2006

| | |
|---|---:|
| 7 -sectionals @ $800.00 ** | $5,600.00 |
| 2--Spuds and spud wells | $450.00 |
| 1--Link belt crawler 75 ton | $11,500.00 |
| 1 ½ yd. Clam bucket | $2,600.00 |
| ¾ yd rock grapple | $1,250.00 |
| | |
| 5 -sectionals @800.00** | $4,000.00 |
| 2-Spuds and spudwells | $450.00 |
| 1-Caterpillar excavator with hydraulic thumb | |
| $6,500.00 | |
| 20-Timber mats | $2,400.00 |
| 1-Pushboat | $4,800.00 |
| 1 carolina skiff | $00.00 |
| 1-anchor | $00.00 |
| 2-trucks @ $1,100.00ea. | $1,100.00 |
| | |
| **Sub Total** | $40,650.00 |
| Tax | $2,032.50 |
| | |
| **Labor to be billed separately on a weekly basis | |
| Company mo. Overhead | $12,500.00 |

TOTAL DUE THIS INVOICE                    $55,182.50



# A-J MARINE, INC.

MARINE CONSTRUCTION & UNDERWATER SERVICES

11101 Cedar Lane ▾ Kingsville, MD 21087
Kingsville, Maryland 21087
Tel: (410) 592-8197 ▾ Fax (410) 592-8158

November 27, 2006

Corfn Contractors, Inc.
2405 Oakmont Court
Oakton, VA 22124-1000

INVOICE # 120106                    Due Date 12/01/06 Upon Receipt
November 02, 2006- December 1, 2006

| | |
|---|---|
| *Crane operator 8hrs. @ $30.36 (43.54) x22 days* | $8,015.00 |
| *Excavator operator 8hrs. @ $29.90 (44.85) x22 days* | $7,894.00 |
| *Supervisor      8hrs. @ $35.00 ($50.00) x 22days* | $9,240.00 |
| *Total* | $25,149.00 |

| | |
|---|---|
| TOTAL DUE THIS INVOICE | $25,149.00 |



# A-J MARINE, INC.

MARINE CONSTRUCTION & UNDERWATER SERVICES

11101 Cedar Lane • Kingsville, MD 21087
Kingsville, Maryland 21087
Tel: (410) 592-8157 • Fax (410) 592-8158

November 27, 2006

Corfu Contractors, Inc.
2405 Oakmont Court
Oakton, VA 22124-1000

INVOICE # 112706-1                    Due Date 12/23/06
November 24, 2006-December 23, 2006

| | |
|---|---|
| 7 -sectionals @ $800.00 = | $5,600.00 |
| 2—Spuds and spud wells | $450.00 |
| 1-Link belt crawler 75 ton | $11,500.00 |
| 1 ½ yd. Clam bucket | $2,600.00 |
| ¾ yd rock grapple | $1,250.00 |
| | |
| 5 -sectionals @800.00= | $4,000.00 |
| 2-Spuds and spudwells | $450.00 |
| 1-Caterpillar excavator with hydraulic thumb | |
| $6,500.00 | |
| 20-Timber mats | $2,400.00 |
| 1-Pushboat | $4,800.00 |
| 1 carolina skiff | $00.00 |
| 1-anchor | $00.00 |
| 2-trucks @ .$1,100.00ea. | $1,100.00 |
| | |
| Sub Total | $40,650.00 |
| Tax | $2,032.50 |
| | |
| **Labor to be billed separately on a weekly basis | |
| Company mo. Overhead | $12,500.00 |
| | |
| TOTAL DUE THIS INVOICE | $55,182.50 |

# A-J MARINE, INC.

MARINE CONSTRUCTION & UNDERWATER SERVICES

11101 Cedar Lane • Kingsville, MD 21087
Kingsville, Maryland 21087
Tel: (410) 592-8157 • Fax (410) 592-8158

January 2, 2007

Corfu Contractors, Inc.
2405 Oakmont Court
Oakton, VA 22124-1000

INVOICE # 010207                    Due Date: Upon Receipt
December 02, 2006- January 2, 2007

| | |
|---|---|
| Crane operator 8hrs. @ $30.36 (45.54) x22 days | $8,015.00 |
| Excavator operator 8hrs. @ $29.90 (44.85) x22 days | $7,894.00 |
| Supervisor    8hrs. @ $35.00 ($50.00) x 22days | $9,240.00 |
| Total | $25,149.00 |
| TOTAL DUE THIS INVOICE | $25,149.00 |



# A-J MARINE, INC.

MARINE CONSTRUCTION & UNDERWATER SERVICES

11101 Cedar Lane • Kingsville, MD 21087
Kingsville, Maryland 21087
Tel: (410) 592-8157 • Fax (410) 592-8158

January 16, 2007

Corfu Contractors, Inc.
2403 Oakmont Court
Oakton, VA 22124-1000

INVOICE # 011607                     Due Date: upon receipt
December 24, 2006- January 23, 2007

| | |
|---|---|
| 7 -sectionals @ $800.00 ** | $5,600.00 |
| 2 –Spuds and spud wells | $450.00 |
| 1-Link belt crawler 75 ton | $11,500.00 |
| 1 ½ yd. Clam bucket | $2,600.00 |
| ¾ yd rock grapple | $1,250.00 |
| | |
| 5 -sectionals @800.00** | $4,000.00 |
| 2-Spuds and spudwells | $450.00 |
| 1-Caterpillar excavator with hydraulic thumb  $6,500.00 | |
| 20-Timber mats | $2,400.00 |
| 1-Pushboat | $4,800.00 |
| 1 carolina skiff | $800.00 |
| 1-anchor | $800.00 |
| 2-trucks @  $1,100.00ea. | $1,100.00 |
| | |
| Sub Total | $40,650.00 |
| Tax | $2,032.50 |
| | |
| **Labor to be billed separately on a weekly basis | |
| Company mo. Overhead | $12,500.00 |
| | |
| TOTAL DUE THIS INVOICE | $55,182.50 |

# A-J MARINE, INC.

MARINE CONSTRUCTION & UNDERWATER SERVICES

11101 Cedar Lane • Kingsville, MD 21087
Kingsville, Maryland 21087
Tel: (410) 592-8197 • Fax (410) 592-8153

January , 2007

Corfu Contractors, Inc.
2405 Oakmont Court
Oakton, VA 22124-1000

INVOICE # 0107                      Due Date: upon receipt
Towing of barges from Washington D.C. to Galesville, MD          $12,500.00
Demobilization of equipment off barges @ Galesville, MD


                Demobilization                                    $5,000.00


TOTAL DUE THIS INVOICE                                           $17,500.00



# A-J MARINE, INC.

MARINE CONSTRUCTION & UNDERWATER SERVICES

11101 Cedar Lane • Kingsville, MD 21087
Kingsville, Maryland 21087
Tel: (410) 592-8157 • Fax (410) 592-8158

February 13 , 2007

Corfu Contractors, Inc.
2405 Oakmont Court
Oakton, VA 22124-1000

Due Date: upon receipt

INVOICE # 021307
| | |
|---|---|
| 200' turbidity curtain rental@ $5.00/ ft./ mo. November, 2006 | $1,000.00 |
| 200' turbidity curtain rental@ $5.00/ ft./ mo. December, 2006 | $1,000.00 |
| 200' turbidity curtain rental@ $5.00/ ft./ mo. January, 2007 | $1,000.00 |
| 200' turbidity curtain rental@ $5.00/ ft./ mo. February, 2007 | $1,000.00 |

| | |
|---|---|
| TOTAL DUE THIS INVOICE | $4,000.00 |



# A-J MARINE, INC.

MARINE CONSTRUCTION & UNDERWATER SERVICES

11101 Cedar Lane • Kingsville, MD 21087
Kingsville, Maryland 21087
Tel: (410) 592-8157 • Fax (410) 592-8158

March 12 , 2007

Corfu Contractors, Inc.
2405 Oakmont Court
Oakton, VA 22124-1000

INVOICE # 031207                         Due Date: upon receipt
200' turbidity curtain rental @ $5.00/ ft./ mo. March, 2007              $1,000.00

TOTAL DUE THIS INVOICE                                      $1,000.00

## Washington Metropolitan Area Transit Authority

Contract No. FN3031        Construction Contract        IFB-FN3031/JDC Rebid

**PAYMENT BOND**    Bond Number 3-855-111

Contract No. FN3031/Rebid                    Contract Date: January 10th, 2006

Penal Sum of Bond: 40% of the Contract Price   Date Bond Executed: January 24th, 2006

KNOW ALL MEN BY THESE PRESENTS, that we, the Principal and Surety(ies) hereto, are firmly bound to the Washington Metropolitan Area Transit Authority (hereinafter called the Authority) in the above penal sum for the payment of which we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally; Provided, that, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us, and for all other purposes each Surety binds itself, jointly and severally with the Principal, for the payment of such sum only as set forth opposite the name of such Surety, but if no limit of liability is indicated, the limit of liability shall be the full amount of the penal sum.

THE CONDITION OF THIS OBLIGATION IS SUCH, that whereas the Principal entered into the contract identified above:

NOW, THEREFORE, if the Principal shall promptly make payment to all claimants as hereinafter defined supplying labor and material in the prosecution of the work provided for in said contract, and any and all duly authorized modifications of said contract that may hereafter be made, notice of which modifications to the Surety(ies) being hereby waived, then the above obligation shall be void and of no effect, otherwise it shall remain in full force and effect, subject, however, to the following conditions:

1.    A claimant is defined as one having a direct contract with the Principal or with a subcontractor of the Principal for labor, material, or both, used or reasonably required for use in the performance of the contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the CONTRACT.

2.    The above-named Principal and Surety hereby jointly and severally agree with the Owner that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due the claimant, and have execution thereon. The Owner shall not be liable for the payment of any costs or expenses of any such suit.

3.    No suit or action shall be commenced hereunder by any claimant:

      a.    Unless claimant, other than one having a direct contract with the Principal, shall have given written notice to the Principal within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the materials were furnished, or for whom the work or labor was done or performed. Such notice shall be served by mailing the same by registered mail or certified mail, postage prepaid, in an envelope addressed to the Principal at any place where the maintains an office or conducts his business, or his residence or such notice shall be served in any manner in which legal process may be served in the state or District of Columbia in which the aforesaid project is located, save that such service need not be made by a public officer.

      b.    After the expiration of one (1) year following the date of final settlement of said CONTRACT, it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof, such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.

      c.    Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the project, or any part thereof, is situated or in the United States District Court for the district in which the project, or any part thereof, is situated, and not elsewhere.

79

Exhibit C

**Washington Metropolitan Area Transit Authority**
Construction Contract

Contract No. FN3031                                                      IFB-FN3031/JDC Rebid
PAYMENT BOND page 2                                          Bond Number 3-555-111

IN WITNESS WHEREOF, the Principal and Surety(ies) have executed this payment bond and have affixed
their seals on the date set forth above.

**Principal(s)**

| | | |
|---|---|---|
| 1. | Firm Name and Address: Sorbu Contractors, Inc. 2720 Bowling Green Drive | Corporate Seal |
| | Signature: Vienna, VA 22180-7033 | |
| | Christos Kollas, President    State of Inc.: Virginia | |
| 2. | Firm Name and Address: | Corporate Seal |
| | Signature: | |
| | Name and Title:    State of Inc.: | |
| 3. | Firm Name and Address: | Corporate Seal |
| | Signature: | |
| | Name and Title:    State of Inc.: | |

**Corporate Surety(ies)**

| | | | |
|---|---|---|---|
| Surety A | Surety Name and Address: The Ohio Casualty Insurance Company Hamilton, Ohio | Liability Limit $37,190,000 | (Seal) |
| | Signature: | | |
| | Name and Title: Nancy W. Vipond, Attorney-In-fact | State of Inc.: Ohio | |
| Surety B | Surety Name and Address: | Liability Limit $ | (Seal) |
| | Signature: | | |
| | Name and Title: | State of Inc.: | |
| Surety C | Surety Name and Address: | Liability Limit $ | (Seal) |
| | Signature: | | |
| | Name and Title: | State of Inc.: | |

Attach additional pages as needed.

**Instructions**

1.    This form is authorized for use in connection with contracts for construction work or the
furnishing of supplies and services.

2.    The full legal name and business address of the Principal shall be inserted in the space
designated "Principal" on the face of the form. The signature of each person signing in the space
designated to sign in the capacity of an officer or an authorized person, where
applicable, or a joint venture, of an officer of the corporation involved, evidence of the authority must be
furnished.

3.    Corporations executing the bond as sureties must appear among those appearing on the Treasury
Department's list of approved sureties and must be acting within the limitation set forth therein. Where more
than a single corporate surety is involved, their names and addresses (only) shall be inserted in the
spaces (Surety A, Surety B, etc.) headed "Corporate Surety(ies)".

4.    Corporations executing the bond shall affix their corporate seals.

5.    The name of each person signing this payment bond should be typed in the space provided.

6.    The date this Bond is executed must be later than the contract execution date.

80

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

A-5 Marine, Inc.

_Plaintiff_

vs.

The Ohio Casualty Insurance Company

_Defendant_

Civil Action No. 0005614-07
~~0005614-07~~

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Clerk of the Court_

Christopher L. Grant
Name of Plaintiff's Attorney

1250 Connecticut Ave. NW #200
Address

Washington, DC  20036

202 - 261-3515
Telephone

By _____
Deputy Clerk

Date    AUG 1 4 2007

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(f)-456/Mar. 93

    NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

A-J MARINE, INC.,
Vs.

CORFU CONTRACTORS, INC.,

C.A. No.     2007 CA 005614 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge JENNIFER M ANDERSON
Date:  August 14, 2007
Initial Conference: 9:30 am, Friday, November 16, 2007
Location:  Courtroom A-50
515 5th Street N.W.
WASHINGTON, DC 20001

Caio.doc

# ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| A-J MARINE, INC. | * | CASE NO. 5614-07 |
| Plaintiff | * | |
| v. | * | |
| CORFU CONTRACTORS, INC., et al. | * | |
| Defendants | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF FILING OF NOTICE OF REMOVAL

To:    Clerk of Court
       Superior Court of the District of Columbia

PLEASE TAKE NOTICE that defendant The Ohio Casualty Insurance Company has filed a Notice of Removal, a copy of which is attached hereto, in the United States District Court for the District of Columbia, and respectfully requests that no further proceedings may be held in this Honorable Court unless and until the above-captioned matter is remanded.

_____/s/_____
Jane S. Dudley
Bar No. 459595
Whiteford, Taylor & Preston, LLP
1025 Connecticut Avenue, N.W., Suite 400
Washington, D.C.  20036
202-659-6800
jdudley@wtplaw.com



EXHIBIT
B
ALL-STATE LEGAL®

Cynthia E. Rodgers-Waire
Bar No. 444095
Whiteford, Taylor & Preston, LLP
7 St. Paul Street
Baltimore, Maryland  21202
410-347-8723
crodgers-waire@wtplaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 12th day of September, 2007 copies of the

foregoing Notice of Filing Notice of Removal were sent electronically and/or mailed,

first class, postage prepaid, to:

Christopher L. Grant, Esquire
1250 Connecticut Avenue, N.W., Suite 200
Washington, D.C.  20036
lawgrant@mindspring.com

Stephen J. Annino, Esquire
Kasimer & Annino, P.C.
7653 Leesburg Pike
Falls Church, Virginia  22043-2520
sannino@kasannlaw.com

_____/s/_____
Jane S. Dudley

1753642

07-1642
RMC

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|

**I (a) PLAINTIFFS** A-J Marine, Inc., 11101 Cedar Lane, Kingsville, Maryland 21087

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Baltimore**
(EXCEPT IN U.S. PLAINTIFF CASES)

88888

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Christopher L. Grant, 1250 Connecticut Avenue N.W., Suite 200, Washington, D.C. 20036

**DEFENDANTS** 1) Corfu Contractors, Inc., 2720 Bowling Green Dr., Vienna, Va.22180 2) Ohio Casualty Insurance Company, 136 North Third St.
COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **Hamilton, Ohio**
(IN U.S. PLAINTIFF CASES ONLY)    45025
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE 88

Case: 1:07-cv-01642
Assigned To : Collyer, Rosemary M.
Assign. Date : 9/17/2007
Description: Contract

ner & rch, iteford e, Md.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☒ 4 Diversity
(Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ☐ A. *Antitrust* | ☐ B. *Personal Injury/ Malpractice* | ☐ C. *Administrative Agency Review* | ☐ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

## E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

| | | | |
|---|---|---|---|
| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ☐ G: *Habeas Corpus/ 2255* | ☐ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ Multi district Litigation    ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. section 1332 – breach of contract

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23 | **DEMAND $** $258,380.50 | Check YES only if demanded in complaint<br>**JURY DEMAND:** ☐ YES  ☒ NO |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    ☐ YES    ☐ NO    If yes, please complete related case form.

DATE 7/14/07    SIGNATURE OF ATTORNEY OF RECORD *Cynthia E. Rodger We*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.