IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| A-J MARINE, INC., | * | |
| Plaintiff | * | |
| v. | * | Civil Action 1:07-cv-01642-RMC |
| CORFU CONTRACTORS, INC., et al., | * | |
| Defendants. | * | |

**MEMORANDUM OF PLAINTIFF A-J MARINE, INC.
IN OPPOSITION TO DEFENDANT CORFU CONTRACTORS, INC.'S
MOTION TO AMEND ITS ANSWER AND COUNTERCLAIM
AND TO JOIN THIRD-PARTY DEFENDANT**

Plaintiff A-J Marine, Inc. submits this memorandum in opposition to the motion of defendant Corfu Contractors, Inc. ("Corfu") to amend its Answer and Counterclaim and to join a third-party defendant in this action. A-J Marine, Inc. opposes the motion to add a third-party defendant on three grounds:

1. A third-party claim in this action would be duplicative of other pending litigation between Corfu Contractors and the proposed third-party defendant;

2. The basis that Corfu Contractors asserts in its motion for joinder of the third-party defendant is patently without merit;

3. The instant action has nearly reached the end of the period for discovery and is nearly ready for trial; trial would be unfairly and pointlessly delayed in this action if the motion were granted.

### 1. A third-party claim in this action would be
### duplicative of other pending litigation between the same parties

This action concerns work which was the subject of Corfu's contract with Washington Metropolitan Area Service Authority, Contract No. FN3031, "Scour Countermeasure Installation for Potomac River Metrorail Bridge, Piers District of Columbia" (hereinafter, "The Project"). Corfu's motion asserts that, as the prime contractor, Corfu "actually subcontracted all work on the Project to Brickwood Contractors, Inc." (motion, paragraph 11). The motion asserts (paragraph 10) that Brickwood Contractors, Inc. is an entity owned and operated by Peter Kalos and Veron Lee Kalos. The motion seeks to add Peter Kalos as a third-party defendant to this action. The proposed third-party complaint (in paragraph 2) describes Mr. Kalos as Corfu's project manager for the Project as well as Brickwood's president. The proposed third-party complaint alleges (paragraph 12) that Kalos exceeded his authority and breached his limited agency agreement with Corfu, that he failed to convey to Corfu relevant information, "otherwise acting to prejudice Corfu's rights and obligations," and that he "interfered with any contract which Corfu may be held liable for in this matter."

The allegations of the proposed third-party complaint are already the subject of litigation in two other courts. Corfu's memorandum in support of its motion mentions (in the second full paragraph on p. 2) that "a dispute arose between the Kaloses and Corfu which led to Corfu filing a lawsuit against Brickwood and the Kaloses in the Circuit Court of Fairfax County." Copies of the complaint and counterclaim from that action will be provided to the Court as soon as A-J Marine, Inc. can obtain them.

Brickwood filed a second action against Corfu and its surety (co-defendant in the instant action, Ohio Casualty & Surety Company) in the Superior Court of the District of

Columbia, Case No. 2008-ca-002675 B.  Copies of the complaint and counterclaim from that action will be provided to the Court as soon as A-J Marine, Inc. can obtain them.

Corfu's motion to add a third-party defendant to this action should be denied on the ground that the dispute between Corfu and that proposed defendant is already the subject of litigation in two other jurisdictions; a third-party claim in the instant action would merely duplicate the other proceedings.

## 2.  The basis that Corfu Contractors asserts in its motion is patently without merit

Corfu's motion to add a third-party defendant at paragraph 19 states the following as the basis of its proposed third-party claim: "Although Peter Kalos was given the title of project manager on the Project, he did not have, nor has he ever had, the authority to subcontract work on Corfu's behalf."  This averment is shown to be false by a document submitted by Corfu to its customer on the Project, Washington Metropolitan Area Transit Authority, entitled, "Power of Execution."  It states that Corfu Contractors, Inc. "hereby nominates, constitutes and appoints Peter Kalos, Project Supervisor with full power to act alone on behalf of Corfu Contractors, Inc. to make, execute, seal and deliver on its behalf as contractor and as its act and deed, any and all contracts, change orders, monthly and final payment certificates and other like instruments… Such contracts, change orders, monthly and final payment certificates and other like instruments shall be binding upon said company as fully and to all intents and purposes as if such instruments had been duly executed and acknowledged and delivered by the authorized officers of the company …"  A copy of the Power of Execution is attached hereto as Exhibit A.

The Power of Execution shows that there is no merit to Corfu's assertion that Mr. Peter Kalos lacked authority to enter into a contract with plaintiff A-J Marine, Inc. on the Project. Corfu's motion should be denied.

### 3.  Corfu's Motion Would Unfairly and Pointlessly Delay the Trial of This Action

This action was commenced on or about August 14, 2007.  Corfu's Answer and Counterclaim were filed on or about September 19, 2007.  The Court's Scheduling Order dated October 26, 2007 requires the parties to complete discovery no later than June 30, 2008 and to appear for a status conference on July 18, 2008 at which a trial date will be selected.  Corfu's motion will delay all remaining activities in this action by months.  Corfu's motion has shown no reason why the factual allegations of its proposed third-party complaint could not have been made at the outset of this action.  Corfu's motion is remarkably vague as to when this information came into its possession: no date is given.

It would serve no proper purpose for the Court to grant Corfu's motion and to modify its Scheduling Order as that would require.  The motion of Corfu Contractors, Inc. to add a third-party defendant to this action should be DENIED.

On the grounds stated in sections 2 and 3 above, plaintiff A-J Marine, Inc. opposes Corfu's motion to amend its Answer and Counterclaim as well as its motion to add a third-party defendant.

Respectfully submitted this 19th day of June 2008.

    /s/
Christopher L. Grant
D.C. Bar 396132
1250 Connecticut Ave., NW.
Suite 200
Washington, D.C. 20036
(202) 261-3515
lawgrant@mindspring.com
Attorney for A-J Marine, Inc.

Contract FN3031 Rebid     Washington Metropolitan Area Transit Authority     IFB FN3031R/JC
                                  Construction Contract

## POWER OF EXECUTION

The undersigned, a  Corfu Contractors, Inc.  under
                         corporation, partnership, individual

the laws of the State of  Virginia , having

principal office or registered agent at  Oakton, Virginia

hereby nominates, constitutes and appoints  Peter Kalos, Project Supervisor

with full power to act  alone
                    alone or in conjunction with another person

on behalf of  Corfu Contractors, Inc.
               name of company

to make, execute, seal and deliver on its behalf as contractor and as its act and deed, any and all contracts, change orders, monthly and final payment certificates and other like instruments.

Such contracts, change orders, monthly and final payment certificates and other like instruments shall be binding upon said company as fully and to all intents and purposes as if such instruments had been duly executed and acknowledged and delivered by the authorized officers of the company when duly executed, as indicated above, by either one of the aforementioned persons.

                     Corfu Contractors, Inc.
                              Contractor

By: _[signature]_
           Christos Kollas, President
                    Signature
      2405 Oakmont Court
      Oakton, VA 22124-1000
                               Address

ATTEST: _[signature]_  October 16, 2006
                                       Date

Attachment to Contract  FN3031(Rebid
Complete certification on reverse.

                January 24th, 2006          Page 85 of 301

<u>Certificate of Service</u>

    I hereby certify that I have this 19th day of June 2008 served a copy of this Memorandum upon defendants by U.S. mail addressed as follows:

Stephen J. Annino, Esq.
Kasimer & Annino, P.C.
7653 Leesburg Pike
Falls Church, VA 22043

Cynthia E. Rodgers-Waire, Esq.
Whiteford Taylor & Preston, LLP
7 St. Paul Street
Baltimore, MD 21202

                                                                                           ___/s/_____
                                                                                      Christopher L. Grant