IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| A-J MARINE, INC., | * | |
| Plaintiff | * | |
| v. | * | Civil Action 1:07-cv-01642-RMC |
| CORFU CONTRACTORS, INC., et al., | * | |
| Defendants. | * | |

**SUPPLEMENTAL MEMORANDUM OF PLAINTIFF A-J MARINE, INC.
IN OPPOSITION TO DEFENDANT CORFU CONTRACTORS, INC.'S
MOTION TO AMEND ITS ANSWER AND COUNTERCLAIM
AND TO JOIN THIRD-PARTY DEFENDANT**

Plaintiff A-J Marine, Inc. submits this supplemental memorandum in opposition to the motion of defendant Corfu Contractors, Inc. ("Corfu") to amend its Answer and Counterclaim and to join a third-party defendant in this action. This memorandum attaches a Complaint from the Circuit Court of Prince William County, Virginia (Exhibit B), a Complaint from the Superior Court of the District of Columbia (Exhibit C) and a counterclaim from the latter action (Exhibit D). In these pleadings, Corfu Contractors, Inc., Brickwood Contractors, Inc. and the latter company's principals assert their claims against each other. These are the same claims that Corfu Contractors, Inc. seeks to add to the instant action by way of a third-party complaint.

To permit the filing of the third-party complaint in this action would duplicate the proceedings in these two other courts, would add needless delay and expense to this action, and would waste this Court's resources. For the reasons stated in the prior

memorandum of A-J Marine, Inc. and substantiated by the instant memorandum, the

motion to permit filing of the third-party complaint should be DENIED.


    Respectfully submitted this 23rd day of June 2008.


                                                           _____/s/_____

Christopher L. Grant
D.C. Bar 396132
1250 Connecticut Ave., NW.
Suite 200
Washington, D.C. 20036
(202) 261-3515
lawgrant@mindspring.com
Attorney for A-J Marine, Inc.

Certificate of Service

I hereby certify that I have this 23rd day of June 2008 served a copy of this Memorandum upon defendants electronically and by U.S. mail addressed as follows:

Stephen J. Annino, Esq.
Kasimer & Annino, P.C.
7653 Leesburg Pike
Falls Church, VA 22043


Cynthia E. Rodgers-Waire, Esq.
Whiteford Taylor & Preston, LLP
7 St. Paul Street
Baltimore, MD 21202


_____/s/_____
Christopher L. Grant

VIRGINIA: IN THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY

CORFU CONTRACTORS, INC.,
2405 Oakmont Court
Oakton, Virginia 22124-1000

        Plaintiff,

v.

BRICKWOOD CONTRACTORS, INC.
Serve: Peter Kalos
      11304 Industrial Rd.
      Manassas, VA 20109

and

VERON LEE KALOS,
Serve: 13214 Triple Crown Loop
      Gainesville, VA 20155

PETER KALOS
Serve: 13214 Triple Crown Loop
      Gainesville, VA 20155

        Defendants.

CL79823

## **COMPLAINT**

COMES NOW, Corfu Contractors, Inc., by counsel, and for its Complaint and cause of action against the Defendants, Brickwood Contractors, Inc., Veron Lee Kalos, and Peter Kalos, alleges and states as follows:

1.    Corfu Contractors, Inc. ("Corfu") is a Virginia corporation engaged in the construction industry performing painting and related services. Corfu is owned and operated by Christos Kollas and Giovanna Esposito, his wife.

2.    Brickwood Contractors, Inc. is a Virginia corporation with its principal office at 11306 Industrial Road, Manassas, Virginia.

3.    Peter Kalos is Brickwood's president.

Exhibit B

4.    Veron Lee Kalos ("Kalos") is Brickwood's secretary and treasurer.

5.    For a number of years Brickwood has had financial difficulties and because principle of Brickwood and Corfu have known each other for a number of years Mr. Kollas and Corfu lent money and provided financial assistance to Brickwood. A few years ago, Ms. Esposito developed a medical condition and Ms. Kalos, as a favor to Mr. Kollas began assisting Corfu with administrative tasks in the office. This assistance continued through 2007.

6.    Kalos often had access to Corfu's office and performed certain administrative functions, including calling vendors, suppliers and project personnel on behalf of Corfu. Ms. Kalos often represented herself to be an employee of Corfu, when in actuality she was not. Ms. Kalos occasionally took documents, records and information belonging to Corfu to her home.

7.    Because of her work in Corfu's office Kalos had access many of Corfu's files and documents including project files, financial statements, and its corporate seal.

8.    Corfu is the general contractor on a contract with the Washington Metropolitan Area Transit Authority ("Metro")for the installation of the Potomac River Metrorail Bridge Piers ("the Project").

9.    Corfu subcontracted part of the Project to Brickwood Contractors, Inc.

10.    Corfu submitted Payment Application # 4 to Metro requesting payment in the amount of $262,994.20 for work performed on the Project. Corfu and Brickwood had previously agreed that when the funds were received, Brickwood and its subs would be paid a portion and Corfu would retain its share including the mark up and profit on work performed by Brickwood and its subcontractors.

2

11.     When Corfu received the payment from Metro, Ms. Kalos represented to Corfu that some money was owed to one of Brickwood's subcontractors on the job and presented a check for signature.

12.     Corfu issued a check, payable to the subcontractor, in accordance with Ms. Kalos's request.

13.     Ms. Kalos took the check and told Corfu it would be sent to the subcontractor for payment.

14.     Instead of forwarding the check to the subcontractor, Kalos changed the payee on the check to Brickwood Contractor's Inc., made the amount out for $262,994.20 and deposited it into an account believed to be owned by Brickwood and/or Mr. and Ms. Kalos.

15.     These actions were fraudulent and were undertaken without Corfu's knowledge or consent.

16.     After Kalos' actions were discovered by Corfu, Corfu demanded that the money be returned; however, Kalos and Brickwood have refused to return the money to Corfu or to account for it.

17.     Upon information and belief, Brickwood did not pay the subcontractor as represented. The actual use of the $262,994.20 by Kalos and/or Brickwood is unknown.

18.     Since Kalos' actions were discovered, demand was made on Mr. and Ms. Kalos to return all documents and property of Corfu in their possession but Kalos has refused to turn over the documents belonging to Corfu which are in her possession. These documents are believed to include financial information, invoices, job records, correspondence, job cost records, and the Corfu corporate seal and corporate records.

3

19.     Brickwood has also refused to return to Corfu equipment including a crane loaned to Brickwood by Corfu.

20.     The aforesaid actions were taken at the direction of and with the knowledge and consent of Peter Kalos and Brickwood.

## COUNT I
### (Conversion)

21.     Plaintiff incorporates by reference the allegations of paragraphs 1-19 as if fully set forth.

22.     The $262,994.20 was paid to Corfu as the general contractor on the Project.

23.     Brickwood, and/or Mr. and Ms. Kalos, wrongfully obtained these funds from Corfu by misrepresenting that the funds were needed to pay a subcontractor and by fraudulently changing the name on the check and depositing the money without Corfu's consent.

24.     Upon information and belief, the intended subcontractor has not been paid and Brickwood have refused to return the funds or to render an accounting of the monies they took from Corfu.  The funds taken from Corfu have been deposited into an account for the benefit of Brickwood and Mr. and Ms. Kalos.

## COUNT II
### (Fraud)

25.     Plaintiff incorporates by reference the allegations of paragraphs 1-23 as if fully set forth.

26.     Brickwood, and/or Mr. and Ms. Kalos, falsely represented that the $262,994.20 paid to Corfu by Metro was owed to a subcontractor.

4

27.    This misrepresentation was intentionally and knowingly made in order to obtain a check from Corfu in the amount of $262,994.20.

28.    Relying upon Kalos' representation that the money was owed to a subcontractor, Corfu issued a check made payable to the subcontractor.

29.    Kalos, without Corfu's knowledge or consent, changed the payee on the check to Brickwood and deposited it into an account owned by Brickwood.

30.    Upon information and belief, the money was never paid to the subcontractor.

31.    Brickwood's/Kalos' actions were willful and wanton and were undertaken with a total disregard of Corfu's rights. The funds obtained from Corfu have been deposited into an account benefits Brickwood and/or Mr. and Ms. Kalos.

### COUNT III
### (Injunctive Relief)

32.    Plaintiff incorporates by reference the allegations of paragraphs 1- 31 as if fully set forth.

33.    Kalos has also refused to turn over certain equipment and documents belonging to Corfu that are in Kalos' possession.

34.    These documents include: Corfu's corporate seal, all files and records pertaining to the Project, all files and records pertaining to projects for the Washington Suburban Sanitary Commission, all files and records pertaining to a project with Marisko Inc.

35.    It is believed that Kalos also has computer files and correspondence related to these matters stored on her computer.

5

36.     These items are extremely valuable to Corfu and Corfu is entitled to their immediate possession.

37.     In addition to being Corfu's only records on these projects, many of the documents and computer files are relevant to projects which are the subjects of pending litigation and without these documents Corfu is unable to properly advance or defend its interests in those cases.

38.     Corfu will be irreparably harmed if Kalos is not required to turn over the items without further delay

## COUNT IV
### (Detinue)

39.     Plaintiff incorporates by reference the allegations of paragraphs 1- 38 as if fully set forth.

40.     Brickwood also has in its possession a groove crane belonging to Corfu.

41.     Brickwood, Brickwood has refused to return it.

42.     Corfu is entitled to immediate possession of the Crane which is extremely valuable.

43.     Corfu needs the crane for some of its projects and has been forced to rent a crane in order to complete that work and has suffered loss, cost and damage.

## COUNT V
### (Accounting)

44.     The allegations of paragraphs 1 through 43 are incorporated herein by reference.

45.     By virtue of the circumstances under which Lee Kalos obtained the check from Corfu, Brickwood and Kalos should be required to render a full and complete accounting showing how the funds were used and spent.

46.    Without such an accounting Corfu is unable to determine its potential exposure to subcontractors on the WNATA project and to take appropriate action to protect itself.

WHEREFORE Corfu Contractors, Inc. requests that judgment be entered against Brickwood Contractors, Inc. and Veron Lee Kalos as follows:

A.    Against Brickwood, Peter Kalos and Veron Lee Kalos in the amount of $262,994.20, plus costs and attorneys fees pursuant to Count I.

B.    Against Brickwood, Peter Kalos and Veron Lee Kalos in the amount of $262,944.20 in compensatory damages, $350,000.00 in punitive damages, costs and attorneys fees pursuant to Count II.

C.    That a mandatory injunction be issued, ordering Kalos to return all property, corporate records, electronic records, documents and files, including any computer files, belonging to Corfu pursuant to Count III.  And for

D.    Ordering Brickwood and Kalos to return the groove crane owned by Corfu pursuant to Count V or that judgment be entered for the value of the crane and any other consequential damages in the sum of $250,000.00.

E.    Issue a temporary injunction ordering Brickwood and Kalos to turn over immediately all property and documents of Corfu and to allow a forensic inspection of any computer in their possession.

F.    That Brickwood be required to render an accounting of how the monies received or taken from Corfu was paid or distributed

CORFU CONTRACTORS, INC.

By Giovanna Esposito

STATE OF VIRGINIA,        )
                          ) TO WIT:
County/City of Fairfax    )

This day, personally appeared before me, Giovanna Esposito, duly authorized agent of Corfu Contractors, Inc., who made oath that the facts in the foregoing Complaint are true and correct to the best of her knowledge, information and belief.

Subscribed and sworn to before me this ___16th___ day of _January_ 2008.

Notary Public

My Commission Expires: 11-30-2010
Notary Registration No. 7014288

KASIMER & ANNINO, P.C.

Stephen J. Annino, Esq. ( VSB # 20551)
Cara L. Griffith, Esq. (VSB #48338)
7653 Leesburg Pike
Falls Church, Virginia 22043
Telephone:  703-893-3914
Facsimile:  703-893-6944
Counsel for Plaintiff



SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

FILED

APR 0 4 2008

(A1)

BRICKWOOD CONTRACTORS, INC.     )
11306 Industrial Road,          )
Manassas, Virginia 20109,       )
                                )
                 Plaintiff,     )
                                )
v.                              )    Civil Action No. 0002675-08
                                )
CORFU CONTRACTORS, INC.,        )
2405 Oakmont Court,             )
Oakton, Virginia 22124,         )
                                )
and                             )
                                )
THE OHIO CASUALTY INSURANCE CO.,)
9450 Seward Road,               )
Fairfield, Ohio 45014,          )
                                )
                 Defendants.    )
                                )

## COMPLAINT

By this action, Plaintiff, Brickwood Contractors, Inc. (Brickwood), by and through its

undersigned counsel, sues Defendants, Corfu Contractors, Inc. (Corfu), and The Ohio Casualty

Insurance Company (OCIC), and states as follows:

### I. Introduction

1.     Brickwood seeks recovery from the general contractor, Corfu, for breach of a

written contract by its failure to pay Brickwood as agreed and for recovery in *quantum meruit* for

the work provided to a project on Corfu's order and for which Brickwood was not subsequently

paid.



Exhibit C

2.     Brickwood also seeks reimbursement under a payment bond issued by OCIC on behalf of Corfu, the bond principal and general contractor on a public construction project located, at least in part, in Washington, DC.

## II. Parties, Jurisdiction and Venue

3.     Plaintiff, Brickwood is a Virigina corporation with a principal place of business located at 11306 Industrial Road, Manassas, Virginia 20109.

4.     Defendant, Corfu is, upon information and belief, a Virginia corporation with a principal place of business located at 2405 Oakmont Court, Oakton, Virginia 22124.

5.     Defendant, OCIC is, upon information and belief, an Ohio corporation with a principal place of business located at 9450 Seward Road, Fairfield, Ohio 45014.

6.     Jurisdiction obtains pursuant to D.C. Code § 11-921 and the amount in controversy is in excess of $5,000, exclusive of interest, costs and attorneys fees.

## III. Factual Allegations

7.     Upon information and belief, Defendant, Corfu was awarded contract numbered FN3031/JDC (Contract) by the Washington Metropolitan Area Transit Authority (WMATA) in connection with a project commonly known as "Scour Countermeasure Installation at Potomac River Metro Rail Bridge Piers (Project).

8.     OCIC issued a payment bond numbered 3-855-111 (Bond) on behalf of Corfu, by the terms of which OCIC guaranteed Corfu's contractual obligations to pay for work, labor and material provided to the Project on Corfu's order and on its behalf.

2

9.    Corfu subsequently entered into a subcontract (Subcontract) with Brickwood, by the terms of which Brickwood was to perform all of the work required under Corfu's Contract for the subcontract price of $1,415,126.00.

10.   Brickwood has substantially completed its work in strict conformity with the plans and specifications for the Project.

11.   However, to date, Corfu has only made partial payment to Brickwood, and, without justification, Corfu has failed to pay Brickwood the remaining earned contract balances due totaling $469,613.80.

12.   As a result, Brickwood has provided notice to OCIC and made demand for payment of all sums due from Corfu.

13.   However, OCIC has not paid Brickwood's claim despite the lack of any factual or legal basis for Corfu's failure to pay Brickwood under the Subcontract.

### IV. Causes of Action

### COUNT I

14.   Brickwood repeats each of the allegations in Paragraphs 1 through 13 of the Complaint as though fully set forth herein.

15.   By the terms of the Contract, Corfu was to pay Brickwood within one month of receipt of each progress payment request and within fourteen days of its receipt of Brickwood's application for final payment.

16.   However, Corfu have failed and refused to pay Brickwood all amounts due under the Contract.

17.   Accordingly, Corfu has materially breached the Contract.

3

18.    As a result, Brickwood has been damaged in the amount of at least $469,613.80.

## COUNT II

19.    Brickwood repeats each of the allegations in Paragraphs 1 through 18 of the Complaint as though fully set forth herein.

20.    Brickwood fully performed its obligations under the Contract and Corfu was benefitted thereby.

21.    Brickwood performed its obligations under the Contract with the reasonable expectation that it would be paid as agreed.

22.    Corfu has been unjustly enriched by Brickwood's performance to the extent of its failure to pay Brickwood.

23.    Accordingly, Corfu owes Brickwood at least the actual cost of Brickwood's performance, plus the reasonable overhead and profit thereon, and accumulated interest at the rate incurred by Brickwood.

## COUNT III

24.    Brickwood reasserts and realleges the factual allegations made in Paragraphs 1 through 23 above as though fully set forth herein.

25.    OCIC issued the Bond for the protection of all subcontractors and suppliers providing work, labor and material to the Project for Corfu.

26.    Brickwood provided work, labor and material to the Project upon the order of Corfu and for its benefit.

27.    Brickwood completed its work on the Project on January 17, 2008.

28.    Brickwood's work has been approved and accepted by the owner, WMATA.

4

29.    Brickwood has a direct contractual relationship with the Bond principal, Corfu.

30.    Brickwood last provided work, labor and/or material to the Project less than one year before filing this action.

31.    Accordingly, under the terms of the Bond OCIC is obligated to pay Brickwood's claim in the amount of $469,613.80.

**WHEREFORE**, plaintiff, Brickwood Contractors, Inc. prays that this Court:

1.    Enter Judgment in favor of Brickwood Contractors, Inc. and against Corfu Contractors, Inc. in the amount of $469,613.80, plus interest, costs and attorneys fees;

2.    Enter Judgment in favor of Brickwood Contractors, Inc. and against Corfu Contractors, Inc. in an amount to be determined by the Court, but not less than $469,613.80, plus Brickwood's profit and overhead percentage on those costs, as well as accumulated interest;

3.    Enter Judgment in favor of Brickwood Contractors, Inc. and against OCIC Insurance Company in the amount of $469,613.80, plus interest at the statutory rate from the date of demand;

4.    Award Brickwood Contractors, Inc. its reasonable attorney's fees, costs and expenses incurred in prosecuting this action;

5.    Grant Brickwood Contractors, Inc. such other and further relief as this Court

deems appropriate and just.

Respectfully submitted:

BRICKWOOD CONTRACTORS, INC.,
By its attorneys:


Eric R. Stanco
(DC Bar No. 456896)
Valerie Elizabeth Powell
(DC Bar No. 474117)
Stanco & Associates
126 C Street, N.W.
Washington, D.C. 20001
(202) 331-8822
(202) 331-9705 (facsimile)

Filed
D.C. Superior Court
08 May 15 P04:29
Clerk of Court

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

BRICKWOOD CONTRACTORS, INC.                CIVIL ACTION 0002675-08

Plaintiff,                                 CALENDAR

v.                                         JUDGE: THOMAS J. MOTLEY

CORFU CONTRACTORS, INC.

Defendant

## COUNTERCLAIM

Corfu Contractors, Inc., ("Corfu"), by its undersigned counsel, files this

Counterclaim against Brickwood Contractors, Inc. and in support thereof states as

follows:

### COUNT I
### (Breach of Contract)

1.    Corfu is the general contractor on a contract with the Washington

Metropolitan Area Transit Authority ("Metro") for the installation of the Potomac River

Metrorail Bridge Piers ("the Project").

2.    Corfu subcontracted all of its work on the Project to Brickwood

Contractors, Inc.

3.    Brickwood was required to perform all work necessary for completing the

project and was to hire and pay subcontractors and suppliers as necessary.

4.    Brickwood breached the subcontract by among other things, failing to

administer the contract properly, failing to complete work on the Project, failing to pay

subcontractors performing work on the project, and by otherwise failing to fully perform

its express and implied obligations under the contract.

Exhibit D

5.      Brickwood also breached the contract by stopping work on the Project prior to its completion and failing to hire subcontractors necessary for completion of all of the work subcontracted to Brickwood by Corfu.

6.      In addition, Brickwood contracted with other subcontractors in Corfu's name and using Corfu's corporate identity which resulted in legal action being taken by third parties that has caused Corfu to incur legal costs and potential liability.

7.      As a result of Brickwood's breach, Corfu has been damaged in an amount not yet known but estimated to be $300,000.00 together with interest, costs and attorneys fees.

## COUNT II
### (Indemnity)

9.      Plaintiff incorporates by reference the allegations of paragraphs 1-8 as if fully set forth.

10.     Corfu has discovered that while hiring subcontractors, Peter Kalos, Brickwood's president, represented that he was Corfu's agent and signed the subcontracts purportedly on Corfu's behalf.

11.     Kalos was not, and never has been, Corfu's agent nor has he ever had the authority to contract on its behalf.

12.     One of these subcontractors, A.J. Marine, Inc. has filed suit against Corfu seeking recovery of money allegedly due for work performed on the Project.

13.     All of Corfu's work on the Project was subcontracted to Brickwood, and Brickwood was responsible for contracting with and paying subcontractors necessary to complete the Project.

14.    Corfu has paid Brickwood for all work performed by its subcontractors on the Project.

15.    To the extent that Corfu is found liable to AJ Marine, or any other subcontractor hired by Brickwood, for any amount, Brickwood and Peter Kalos are liable to Corfu in that amount, plus all costs and attorneys fees expended in that matter.

WHEREFORE, on account of the foregoing, Corfu Contractors, Inc. requests that the Court enter judgment against Brickwood Contractors, Inc. in the amount of $300,000.00, or such other amount as may be proven at trial, plus costs and attorneys fees, and for such other and further relief as the Court deems appropriate.

CORFU CONTRACTORS, INC.
By Counsel

KASIMER & ANNINO, P.C.


/s/ M. Joseph Pierce
M. Joseph Pierce, Esq. (DCB# 474749)
Stephen J. Annino, Esq. (DCB#390252)
7653 Leesburg Pike
Falls Church, Virginia 22043
(703) 893-3914 Telephone
(703) 893-6944 Facsimile

## CERTIFICATE OF SERVICE

I HEREBY certify that on the 15th day of May, 2008, a true and correct copy of

the foregoing pleading was sent via first class, postage prepaid mail to the following:

Eric. R. Stanco, Esq.
Stanco & Associates
126 C Street, NW
Washington, DC 20001
*Counsel for Brickwood Contractors, Inc.*

/s/ M. Joseph Pierce
M. Joseph Pierce