IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| A-J MARINE, INC. | * | |
| Plaintiff, | * | |
| v. | * | Case No. 071642 |
| CORFU CONTRACTORS, INC. | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### REPLY TO MEMORANDUM IN OPPOSITION TO MOTION TO AMEND ANSWER AND COUNTERCLAIM AND TO JOIN THIRD-PARTY DEFENDANT

Defendant, Corfu Contractors, Inc. submits this memorandum in response to the Plaintiff A-J Marine, Inc.'s memorandum in opposition to Corfu's Motion to Amend its Answer and Counterclaim and to join a third-party defendant. A-J Marine opposes the motion to add a third-party defendant on three grounds: 1) that the third party claim is duplicative of litigation pending in other jurisdictions; 2) that there is no basis for third party joinder; and 3) that joinder would delay trial in this action. A-J Marine does not present any arguments in opposition to Corfu's motion to amend its Answer and Counterclaim.

### ARGUMENT

I.  **The third party claim is not duplicative of litigation pending in other jurisdictions.**

A-J Marine asserts that a third-party claim in this action would be duplicative of other pending litigation between Corfu Contractors and Peter Kalos. In support of this argument, A-J Marine points to the "dispute" between Corfu, Brickwood, and Peter and

Veron Lee Kalos which resulted in litigation in the Circuit Court of Fairfax County, as well as a case filed by Brickwood against Corfu and Ohio Casualty & Surety Company in the Superior Court of the District of Columbia. A-J Marine states that copies of the pleadings in these cases will be provided "as soon as A-J Marine, Inc. can obtain them." This statement indicates that A-J Marine had not even seen the pleadings in those cases at the time it filed its initial response; therefore, it is unclear how A-J-Marine determined that the third-party complaint would be duplicative of the issues involved in those cases.

A-J Marine filed a supplemental memorandum on June 23, 2008. A-J Marine attached a Complaint filed in the Circuit Court of Prince William County as well as pleadings from the case pending in DC Superior Court. The Prince William case was nonsuited on May 23, 2008. That case involved various claims arising from the alleged conversion of a check by the Kaloses and Brickwood Contractors, and requested injunctive relief against Veron Lee Kalos ordering her to return certain documents and property belonging to Corfu. No claims of indemnity were asserted.

The cases currently pending in Fairfax are unrelated to the third-party claim asserted in the present case. Fairfax Case No.: CL-2008-6685, attached hereto as Exhibit 1, is a breach of contract action asserted by Christos Kollas, Corfu's president, against Veron Lee Kalos and Peter Kalos. It arises from certain loans made by Christos Kollas to the Kaloses which the Kaloses have failed to repay. The other case pending in Fairfax Circuit Court, Case No.: CL-2008-6684, attached hereto as Exhibit 2, involves other loans made by Corfu to Brickwood and/or the Kaloses which have not been repaid. Case No.: CL-2008-6684 also asserts a claim of tortuous interference arising from Brickwood's and the Kaloses' interference with Corfu's relationship with Ohio Casualty.

These claims are unrelated to the third-party claim and do not assert any type of indemnity claim against Peter Kalos.

Peter Kalos is not even a party to the case pending in the Superior Court for the District of Columbia. In that case, Brickwood Contractors, Inc. asserts breach of contract and quantum meruit claims against Corfu Contractors, Inc allegedly arising from Brickwood's work on the Project. Brickwood also asserts a bond claim against Ohio Casualty. Corfu filed an Answer and Counterclaim on May 15, 2008. Although the Counterclaim asserts breach of contract and indemnity claims against Brickwood arising from Brickwood's work on the Project, no claims are made against Peter Kalos. Further, the future of the Superior Court case is in uncertain as Brickwood has failed to file an Answer to the counterclaim and its attorney has moved to withdraw. If counsel is allowed to withdraw and Brickwood is unable to retain new counsel it will be unable to proceed with the case.

The third-party claim against Peter Kalos is not duplicative of past or present litigation in other jurisdictions. However, allowing the third-party claim to proceed in the present case would prevent additional litigation between these parties. This is the purpose of Fed. Rule Civ. P. 14(a). See Hood v. Security Bank of Huntington, 562 F.Supp. 749, 751 (D.C. Ohio 1983) (citing 6 Wright & Miller *Federal Practice and Procedure* § 1442, at 202 (1971)).

## II.  A-J Marine confuses Peter Kalos' authority to deal with WMATA with his authority to hire subcontractors.

A-J Marine confuses the authority given to Peter Kalos as Corfu's project manager to deal with WMATA with the authority and responsibilities given to Peter

3

Kalos as Brickwood's president. A-J Marine cites the "Power of Execution" executed October 16, 2006 wherein Corfu appointed Peter Kalos as its Project Supervisor on the Project and gave him, as Project Supervisor, the authority to act "on its behalf as contractor" on the Project. This document was an attachment to Corfu's contract with WMATA and the power conferred by it is the power to act as Corfu's agent with WMATA. Kalos was given the authority to submit change orders, payment certificates, and contract documents which Corfu as the general contractor on the Project was required to submit to WMATA.

The third-party complaint against Peter Kalos is not related to Kalos' actions or performance as Corfu's Project Supervisor on the Project. Rather, the basis of the third-party complaint is the subcontract agreement dated March 8, 2005 wherein Corfu subcontracted the entirety of its work on the Project to Brickwood Contractors, Inc.[1] Peter Kalos is Brickwood's president. At the time Peter Kalos signed the A-J Marine Contract, Brickwood had already assumed all of Corfu's work under the Project. Brickwood, not Corfu, was responsible for hiring any necessary subcontractors. Therefore, when Peter Kalos signed the A-J Marine subcontract, he was not acting under any grant of authority given by Corfu to him as Project Supervisor. Instead he was subcontracting work that had been previously subcontracted to Brickwood and for which Brickwood was responsible for performing.

---

[1] Interestingly, the Superior Court Complaint admits that "Corfu subsequently entered into a subcontract (Subcontract) with Brickwood, by the terms of which Brickwood was to perform all of the work required under Corfu's Contract for the subcontract price of $1,415,126.00."

### III. The trial date has not been scheduled and will not be delayed by the third-party claim.

As A-J Marine points out, a status conference is scheduled for July 18, 2008 at which time the trial date will be assigned. As no trial date has been selected, it is difficult to understand how, as A-J Marine alleges, the third-party complaint "will delay all remaining activities in this action by months." Indeed, A-J Marine does not state what activities other than the trial remain or how they will be delayed if Corfu is allowed to assert the third-party complaint.

A-J Marine has known about the issues addressed by the third-party complaint since the deposition of Nicholas Kollas on April 23, 2008; therefore, A-J Marine cannot claim to be surprised by the motion. Moreover, Peter Kalos is already a central character in this litigation. A-J Marine has already noticed his deposition. That deposition is scheduled for June 30, 2008. A-J Marine will have the opportunity to ask Kalos any questions it may have regarding the Project, the circumstances surrounding the execution of the A-J Marine subcontract, and the allegations contained in the third-party complaint.

As no trial date has been scheduled, and A-J Marine has already noticed Peter Kalos's deposition, it is unlikely that allowing the third party complaint to proceed would delay trial in this matter at all much less "months" as asserted by A-J Marine.

### IV. The issue in third party suit is very limited and does not affect Plaintiff's case at all.

The issue presented by the third party complaint is extremely limited and has no effect on Plaintiff's case. No claim is asserted against A-J Marine. If A-J Marine fails to prevail on its claim against Corfu, the third party claim becomes moot. The third-party claim becomes relevant if and only if A-J Marine prevails against Corfu. See Hood, 562

F.Supp. at 751. If that should occur, the third-party complaint asserts that Peter Kalos should be liable for any and all damages awarded to A-J Marine. This is a narrow issue and is based upon the subcontract agreement between Corfu and Brickwood. There is no reason to believe that it will greatly increase the length of the trial and allowing this issue to be litigated in the pending case will prevent even more litigation between these parties.

## CONCLUSION

For the reasons stated above and in Defendant Corfu Contractors, Inc.'s previously filed Memorandum, the Court should grant Corfu's motion to file an amended answer and counterclaim, and should grant its request to file a third party complaint against Peter Kalos. If, however, the Court finds any of the arguments advanced by A-J Marine in opposition to the motion to file a third party complaint to be persuasive, the Court should sever the third-complaint and allow Corfu to file its Amended Answer and Counterclaim.

Respectfully submitted,

/s/ Stephen J. Annino
Stephen J. Annino, (DC Bar 390252)
KASIMER & ANNINO, P.C.
7653 Leesburg Pike
Falls Church, Virginia 22043
(703) 893-3914 Phone
(703) 893-6944 Fax
*Counsel for Corfu Contractors, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this pleading was sent on the 24th day of June, 2008 via electronic delivery and first class, postage prepaid mail to the following:

> Christopher L. Grant, Esq.
> 1250 Connecticut Ave, NW
> Suite 200
> Washington, DC 20036
>
> Cynthia E. Rodgers-Waire, Esq.
> Nicole Velasquez, Esq.
> Whiteford Taylor & Preston, LLP
> 7 St. Paul Street
> Baltimore, Maryland 21202

/s/ Stephen J. Annino
Stephen J. Annino

P:\Docs\Corfu Contractors\AJ Marine\Pleadings\Reply062408.doc

# EXHIBIT 1

VIRGINIA:

IN THE CIRCUIT COURT OF FAIRFAX COUNTY

CHRISTOS KOLLAS
2405 Oakmont Court
Oakton, Virginia 22124.

    Plaintiff,

v.

VERON KALOS
Serve: 13214 Triple Crown Loop
       Gainesville, VA 20155

and

PETER KALOS
Serve: 13214 Triple Crown Loop
       Gainesville, VA 20155

    Defendants.

CASE NO. Ch-2008-6685

## COMPLAINT

COMES NOW, Christos Kollas, by counsel, and for his Complaint against the Defendants, Veron Kalos and Peter Kalos, alleges and states as follows:

1. Christos Kollas (hereinafter "Kollas") is an individual residing at 2405 Oakmont Court, Oakton, Virginia 22124.

2. Peter Kalos and Veron Kalos ("Kaloses") are individuals residing at 13214 Triple Crown Loop, Gainesville, Virginia.

3. On or about December 10, 2004, Kollas loaned the Kaloses $25,000.00.

4. On or about April 4, 2005, Kollas loaned the Kaloses $10,000.00.

5. On or about April 25, 2005, Kollas loaned the Kaloses $3,000.00.

6. On or about April 29, 2005, Kollas loaned the Kaloses $5,000.00.

1

7. On May 21, 2005, Kollas loaned the Kaloses $5,000.00.

8. Each of the loans was made to and for the benefit of both Peter and Veron Kalos and were made and payable in Fairfax, Virginia.

9. The loans were payable upon demand.

10. Kollas has demanded that Peter and Veron Kalos pay these loans; however, they have failed and refused to do so.

11. As a result of the Kaloses refusal to repay the loans, Kollas has been damaged in the amount of $48,000.00 for which sum the Defendants are indebted to Plaintiff.

WHEREFORE, the plaintiff, Christos Kollas requests that the Court enter judgment against the defendants, jointly and severally, in the amount of $48,000.00 plus interest and for such further relief as the Court deems appropriate.

CHRISTOS KOLLAS<br>
BY COUNSEL

KASIMER & ANNINO, P.C.

_____
Stephen J. Annino, Esq. (VSB# 20551)
Cara L. Griffith, Esq. (VSB# 48338)
7653 Leesburg Pike
Falls Church, Virginia 22043
(703) 893-3914 Phone
(703) 893-6944 Fax
*Counsel for Plaintiff*

# EXHIBIT 2

VIRGINIA:

IN THE CIRCUIT COURT OF FAIRFAX COUNTY

| | |
|---|---|
| CORFU CONTRACTORS, INC.<br>2405 Oakmont Court<br>Oakton, Virginia 22124-1000<br><br>    Plaintiffs,<br>v.<br><br>BRICKWOOD CONTRACTORS, INC.<br>Serve:  Peter Kalos<br>        11304 Industrial Rd.<br>        Manassas, VA 20109<br><br>and<br><br>VERON LEE KALOS,<br>Serve:  13214 Triple Crown Loop<br>        Gainesville, VA 20155<br><br>and<br><br>PETER KALOS<br>Serve:  13214 Triple Crown Loop<br>        Gainesville, VA 20155<br><br>    Defendants. | CASE NO.: CL 2008 - 6684 |

## COMPLAINT

COMES NOW the plaintiff, Corfu Contractors, Inc., by counsel, and for its Complaint against the Defendants, Brickwood Contractors, Inc., Veron Lee Kalos, and Peter Kalos, alleges and states as follows:

1.      Corfu Contractors, Inc. ("Corfu") is a Virginia corporation engaged in the construction industry with its principal office in Fairfax, Virginia.

2.      Brickwood Contractors, Inc. is a Virginia corporation engaged in the construction industry and regularly does business in Fairfax County, Virginia.

3.      Peter Kalos is Brickwood's president.

1

4.  Veron Lee Kalos is Brickwood's secretary and treasurer and the wife of Peter Kalos.

5.  Corfu's owners and Brickwood's owners, Peter and Veron Lee Kalos (collectively "the Kaloses"), have known each other for a number of years. When Brickwood began experiencing financial difficulties, Corfu offered assistance in the form of loans and subcontracting work.

6.  The loans, totaling $80,000.00, were in the form of checks written to Peter and/or Veron Lee Kalos. The loans were for the mutual benefit of both parties.

7.  These loans and checks were given to Peter and Veron Kalos in Fairfax County and were to be paid in Fairfax County payable upon demand.

8.  Corfu made demand upon Brickwood and the Kaloses to pay the loans; however, the defendants have failed and refused to do so.

9.  In late 2007/2008 disputes arose between Corfu and Brickwood which led to a severing of the relationship between the companies and their owners/officers.

10. After these disputes arose between the parties, Peter Kalos sent letters to Ohio Casualty Insurance Company, the surety on payment bonds for Corfu projects.

11. In these letters, Kalos claimed that Brickwood had not been paid over $300,000.00 for work performed on projects at the Three Chopped Road Water Tank and the Summerton Water Tank, as well as a project for the installation of the Potomac River Metrorail Bridge Piers.

12. Brickwood did not work on the Three Chopped Road Water Tank project or the Summerton Water Tank Project.

2

13. Upon information and belief, Veron Kalos drafted the letters for her husband's signatures and conspired with her husband to fabricate the claims in an attempt to obtain concessions from Corfu concerning outstanding loans and disputes with the parties concerning the Potomac River Metro Metrorail Bridge Project.

## COUNT I
### (Breach of Contract)

14. Plaintiff incorporates by reference the allegations of paragraphs 1- 13 as if fully set forth.

15. Corfu wrote checks to Peter and Veron Lee Kalos totaling $80,000.00.

16. These checks were loans or advances, payable on demand and for the benefit of Brickwood.

17. Kollas has demanded that Peter and Veron Kalos, pay these loans; however, they have failed and refused to do so.

18. As a result of Kaloses refusal to repay the loans, Corfu has been damaged in the amount of $80,000.00.

## COUNT II
### (Tortious Interference)

19. Plaintiff incorporates by reference the allegations of paragraphs 1- 18 as if fully set forth.

20. Corfu has an ongoing business relationship with Ohio Casualty Group.

21. Ohio Casualty Insurance Company ("Ohio Casualty") is the surety on payment bonds for Corfu's projects.

22. Peter and Veron Kalos were aware of that relationship and its importance to Corfu.

3

23. Peter Kalos wrote letters to Ohio Casualty representing that Corfu had failed to pay Brickwood for work on various projects. Specifically, Kalos claimed nonpayment for work performed on projects at the Three Chopped Road Water Tank and the Summerton Water Tank, as well as the Potomac River Metrorail Bridge Piers project. Veron Lee Kalos participated and conspired with Peter in writing the letter and making the claims.

24. Brickwood performed no work on either the Three Chopped Road Water Tank or the Summerton Water Tank projects, and has been paid in excess of what it was owed for work on the Potomac River Metrorail Bridge Piers project.

25. Peter Kalos' actions were intentional and were done at the insistence and with the knowledge and consent of Veron Lee Kalos. The letters were written by Kalos in his capacity as president of Brickwood. The letters were sent in order to damage Corfu's relationship with the bonding companies.

26. As a result of the Kaloses' and Brickwood's actions, Corfu's relationship with Ohio Casualty has been harmed, and its business operations impacted.

27. Brickwood and the Kaloses took the foregoing action with the wrongful and malicious intent of damaging Corfu in its business and interfering with Corfu's contractual relationship with its bonding company.

28. To date, Corfu suffered damages as a direct result of the Kaloses' and Brickwood's actions in an amount not yet known but expected to exceed $500,000.00 or such amount as may be proven in trial.

WHEREFORE, the plaintiff, Corfu Contractors, Inc. requests that the Court enter judgment as follows:

A.  Against Brickwood Contractors, Peter Kalos and Veron Lee Kalos, jointly and severally, in the amount of $80,000.00 plus interest and costs pursuant to Count I of the Complaint;

B.  Against Brickwood Contractors Inc. and Peter Kalos and Veron Lee Kalos in the amount of $500,000.00 compensatory damages, and $350,000.00 punitive damages, plus interest, costs and attorneys fees pursuant to Count II of the Complaint; and

C.  Such further relief as the Court deems appropriate.

CORFU CONTRACTORS, INC.
BY COUNSEL

KASIMER & ANNINO, PC

_____
Stephen J. Annino (VSB # 20551)
7653 Leesburg Pike
Falls Church, Virginia 22043
Ph: (703) 893-3914
Fax: (703) 893-6944
*Counsel for Plaintiff*

5